IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re: AUREAL, INC.,

    Debtor.
_____/

NEXT FACTORS, INC.,

    Appellant,

  v.

AUREAL, INC.,

    Appellee.
_____/

No. C 05-03762 SI

**ORDER AFFIRMING BANKRUPTCY COURT'S AWARD OF ADDITIONAL ATTORNEYS' FEES TO AUREAL'S ESTATE REPRESENTATIVES**

Having carefully considered the submitted papers, the Court hereby AFFIRMS the decision of the bankruptcy court granting additional attorneys' fees to the estate representatives of Aureal, Inc.

## BACKGROUND

Prior to the commencement of this bankruptcy case, Aureal and Momentum Data Systems entered into a written Software Development Agreement ("SDA") for development of computer software. The SDA contained a clause allowing the prevailing party in any dispute arising over the interpretation or enforcement of the SDA to recover attorneys' fees and costs.

On April 5, 2000, Aureal filed a voluntary petition for Chapter 11 bankruptcy. Shortly thereafter, Aureal sold substantially all of its assets to Creative Technologies, Ltd. ("Creative"). Upon learning of Aureal's bankruptcy petition, Momentum filed a proof of claim, asserting a general, unsecured claim, or pre-petition claim,[1] for $104,000. Aureal objected to all but four thousand dollars of the claim. On

---

[1] A pre-petition claim is a claim submitted during bankruptcy proceedings by a party owed some payment or performance by the party petitioning for bankruptcy. The claim is designated a pre-petition claim because the debt was incurred and outstanding before the bankruptcy petition was filed. In this case, Momentum filed a claim asserting that Aureal owed $104,000 on an executory contract and Momentum held no security on that debt. *See* 1-1 COLLIER ON BANKRUPTCY § 1.03(4)(B) (15th ed., rev. 2005).

October 16, 2000, Next Factors, Inc. ("Next") purchased Momentum's interest in the claim submitted to Aureal's bankruptcy estate.

In July 2001, Next filed an amended pre-petition claim on Momentum's behalf in the amount of $254,000 plus uncalculated pre-petition interest and royalties. Aureal objected to the claim. The bankruptcy court issued a Memorandum of Decision in October 2001, disallowing certain portions of Next's pre-petition claim. *See* ER Ex. 7 at 11. It deferred ruling on other portions of the claim to allow Next further opportunity for discovery. *Id.*

Next also filed an administrative claim[2] for $25 million in royalties in September 2001. Next later amended the administrative claim, changing the claim from $25 million to a claim for damages of an unknown amount.

Two years after the bankruptcy court allowed Next to pursue further discovery, Aureal filed a motion for summary judgment on Next's remaining pre-petition claim and the administrative claim. In December 2003, the bankruptcy court issued a Memorandum of Decision granting Aureal's motion for summary judgment. *See* ER Ex. 12 at 25.

On February 19, 2004, the estate representatives filed a request for recovery of attorneys' fees and costs associated with litigating Next's claims. The request was for $174,781.50 in fees and $1,887.64 in costs incurred through December 31, 2003, but the estate representatives reserved the right to supplement their request to account for fees and costs incurred thereafter. The bankruptcy court granted Aureal a substantial portion of its requested fees. *See* ER Ex. 17 at 15. On appeal, this Court affirmed the bankruptcy court's grant of attorneys' fees to Aureal, with the exception of fees related to the administrative appeal, as to which the matter was remanded for further findings.

On August 18, 2005, the bankruptcy court awarded additional attorneys' fees and costs to Aureal in the sum of $234,333.52 covering costs associated with Next's continuing appeals and efforts to prevent enforcement of the first attorneys' fee awards. *See* ER Ex. 32. Next now appeals that order.

---

[2] An administrative claim is a claim submitted by a creditor when an executory contract between the debtor and the claimant is assumed by the debtor's bankruptcy estate, but subsequently is breached by the estate. The claimant then has an administrative claim for damages arising from that breach. *See* 1-1 COLLIER ON BANKRUPTCY § 1.03(4)(B) (15th ed., rev. 2005).

## LEGAL STANDARD

In reviewing a bankruptcy court's decision, the reviewing court examines findings of fact for clear error and conclusions of law *de novo*. *See In re Strand*, 375 F.3d 854, 857 (9th Cir. 2004). A bankruptcy court's determination of attorneys' fees will not be disturbed "unless the bankruptcy court abused its discretion or erroneously applied the law." *Id*.

## DISCUSSION

Next appeals the bankruptcy court's decision to grant additional attorneys' fees on grounds identical to those argued in its previous appeal from the first attorneys' fees order. In that appeal, this Court affirmed the decision of the bankruptcy court in all respects save the inclusion of fees associated with the administrative claim. On remand, the bankruptcy court will determine whether such fees were "inextricably intertwined" with fees associated with the pre-petition claim. The issue of whether fees associated with the administrative appeal should be included in the first award is not relevant to the current appeal, which deals with fees incurred in enforcing the first award. Reversal of the first appeal on this small point alone does not change Aureal's status as the overall prevailing party in this dispute. *See Snyder v. Marcus & Millichap*, 46 Cal. App. 4th 1099, 1101-02 (Cal. App. 1996) (drawing distinction between overall prevailing party and party prevailing on partial appeal of damages). As Next advances no new arguments on this appeal beyond those disposed of in the first appeal, the Court agrees with and affirms the judgment of the bankruptcy court.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby AFFIRMS the bankruptcy court's grant of additional attorneys' fees to Aureal's estate representatives (Docket No. 1).

**IT IS SO ORDERED.**

Dated: July 25, 2006

SUSAN ILLSTON
United States District Judge

3